IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH HANSON, TIMOTHY HANSON, and WOMICK LAW FIRM, CHTD., <br><br> Plaintiffs, <br><br> vs. <br><br> MID CENTRAL OPERATING ENGINEERS HEALTH & WELFARE FUND, <br><br> Defendants. | Case No. 3:23-CV-2343-MAB |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiffs Deborah and Timothy Hanson and their attorney John Womick sued Mid Central Operating Engineers Health & Welfare Fund ("the Fund"), which is a self-funded ERISA plan that provides health care benefits to participants and beneficiaries. Plaintiffs originally filed this suit in state court in Williamson County, Illinois in April 2022. After Plaintiffs filed an amended complaint in state court in June 2023, the Fund removed the case on the basis of federal-question jurisdiction, asserting that Plaintiffs' state-law claims were completely preempted by ERISA. This matter is currently before the Court on Plaintiffs' motion to remand (Doc. 10). For the reasons explained below, the motion is denied.

### BACKGROUND

Plaintiff Deborah Hanson was involved in a motor vehicle accident in April 2019

(Doc. 1-2, p. 63). At the time of the accident, Deborah was covered by the Mid Central Operating Engineers Health & Welfare Fund ("the Fund") by virtue of her status as the spouse of Timothy Hanson, who was a participant in the Fund (Doc. 1-2, pp. 42, 63). The Fund paid over $70,000.00 in medical benefits for treatment of Deborah's injuries stemming from the accident (Doc. 1-2, pp. 62–63, 65). The Hansons retained attorney John Womick to represent them with respect the injuries Deborah sustained in the accident, and ultimately settled with the other driver's insurance company for $100,000.00 (Doc. 1-1, pp. 3, 12; *see also* Doc. 1-2, p. 30).

On April 5, 2022, the Hansons and Attorney Womick filed suit in state court in Williamson County, Illinois, against the Fund (Doc. 1-1, pp. 3–5).[1] The complaint alleged that the Hansons settled their suit for $100,000.00; Mr. Womick has a lien against the funds of the entire settlement for his fees and costs, which total $33.958.86; but the Fund also has a lien on the settlement for $72,472.86 (*Id.*). Plaintiffs alleged their attorney is entitled to recover the full amount of his fees and costs pursuant to the Common Fund Doctrine and asked, in particular, for the court to enter judgment against the Fund in the amount of $33,958.86 plus pre-judgment interest (*Id.*).

The Fund was promptly served, and the parties agreed to stay the proceedings in order to explore settlement (*see* Doc. 1-2, pp. 35, 39). Settlement discussions ended in April 2023, when Plaintiffs rejected the Fund's settlement offer and the Fund was ordered to file a responsive pleading (*see* Doc. 1-2, pp. 39–40; Doc. 1-3, p. 82). The Fund filed a motion

---

[1] The complaint was amended on July 5, 2022, to include exhibits that Plaintiff inadvertently omitted from the original complaint, but the allegations remained unchanged (Doc. 1-1, pp. 10–66; Doc. 1-2, pp. 1–33).

to dismiss on April 21, 2023 (Doc. 1-2, pp. 35–57), arguing in pertinent part, that the claims asserted by Plaintiffs Timothy and Deborah Hanson were preempted by § 514(a) of ERISA (*Id.* at pp. 48, 52–56). A hearing on the motion was held on June 12, 2023, at which time Plaintiffs sought leave to amend their complaint, which was granted (Doc. 1-3, pp. 73, 75, 81). The amendment to the complaint was filed that same day, and asserted additional allegations against the Fund (Doc. 1-3, pp. 77–79).

Following Plaintiffs' amendment to the complaint, the Fund removed the case to federal court on July 6, 2023, arguing that Plaintiffs' claims were completely preempted by ERISA (Doc. 1, pp. 3–4). The Fund argues that removal is timely because it was within 30 days of service of the amended complaint, which made apparent for the first time that the case was removable (Doc. 1, p. 3).

Plaintiffs filed a terse motion to remand, arguing that the Fund "improperly removed the case" (Doc. 10). They assert that the original complaint filed in April 2022 "pertains to the same facts, law[,] and transaction," and therefore "[t]he ERISA claim made by the Fund was at issue as of the time the [original] complaint was filed" (Doc. 10, p. 1). Plaintiffs also point out that the Fund filed a motion to dismiss, which "is clearly based on ERISA" (*Id.* at pp. 1, 2), and therefore the Fund had notice by the date the motion to dismiss was filed that the case was removable (Doc. 12, p. 2). In other words, Plaintiffs are contending that removal was untimely.

The Fund filed a response in opposition, arguing that the motion to remand should be denied because (1) it violates Local Rule 7.1(c) in that Plaintiffs failed to cite any legal authority or provide any analysis in support of their argument for remand; (2) Plaintiffs'

perfunctory and underdeveloped argument should be deemed waived; and (3) Plaintiffs' arguments fail on the merits because the removal was not untimely (Doc. 11).

Plaintiffs filed a reply brief, expanding on their original argument (Doc. 12). They maintain that the case was removable from the time they filed their original complaint and therefore Defendant's notice of removal was untimely (*Id.*).

## DISCUSSION

The Court opts to skip directly to addressing the issue on the merits as this will provide a clean resolution of the pending dispute. Accordingly, the Court declines to wade into the Fund's arguments regarding the technical sufficiency of Plaintiffs' motion.

28 U.S.C. § 1441(a) permits a defendant to remove any civil action filed in state court over which the federal district court has original jurisdiction. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). One category of cases over which district courts have original jurisdiction is cases that present a federal question, meaning cases "arising under the Constitution, laws, or treaties of the United States." *Aetna Health*, 542 U.S. at 207; 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Citadel Sec., LLC v. Chicago Bd. Options Exch., Inc.*, 808 F.3d 694, 701 (7th Cir. 2015) (citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998)). Federal defenses to a well-pleaded complaint do not provide a basis for removal. *Citadel*, 808 F.3d at 701 (citing *Rivet*, 522 U.S. at 475).

A narrow exception to the well-pleaded complaint rule exists, however, "when a

federal statute wholly displaces the state-law cause of action through complete pre-emption[.]" *Aetna Health*, 542 U.S. at 207. In this circumstance, the plaintiff's state law claim is "recharacterized" as a federal claim, making removal proper on the basis of federal question jurisdiction. *Hart v. Wal-Mart Stores, Inc. Associates' Health & Welfare Plan*, 360 F.3d 674, 679 (7th Cir. 2004) (citation omitted). *See also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) ("When the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."); *Rivet*, 522 U.S. at 476 ("[O]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law.") (citation omitted); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996) ("[F]ederal subject matter jurisdiction exists if the complaint concerns an area of law 'completely preempted' by federal law, even if the complaint does not mention a federal basis of jurisdiction.") (citation omitted).

The Supreme Court has determined that the civil enforcement provision of ERISA, § 502(a), 29 U.S.C. § 1132(a), completely preempts state law causes of action that fall within the scope of that provision. *Moran v. Rush Prudential HMO, Inc.*, 230 F.3d 959, 966 (7th Cir. 2000), *aff'd,* 536 U.S. 355 (2002) (citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987)); *Rice v. Panchal*, 65 F.3d 637, 641 (7th Cir. 1995). *See also Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996) ("*Taylor* held that the 'complete preemption' doctrine applied to certain ERISA claims because Congress intended 'to make all suits that are cognizable under ERISA's civil enforcement provisions federal

question suits.'" (quoting *Lister v. Stark*, 890 F.2d 941, 944 (7th Cir. 1989))). *See also Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721, 724 (7th Cir. 2017) ("ERISA . . . may contain the broadest preemption clause of any federal statute and completely occupies the field of employees' health and welfare benefits.") (citations omitted). Section 502(a) provides, in pertinent part, plan participants and beneficiaries the right to sue for breach of duty, to recover benefits due under the plan, to enforce their rights under the plan, or to clarify rights to future benefits. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987) (citing 29 U.S.C. § 1132). "Therefore, any claim by a participant or beneficiary to enforce his rights under an ERISA plan is completely preempted, and federal subject matter jurisdiction would exist." *Hart*, 360 F.3d at 678 (citation omitted).

Here, the Court disagrees with Plaintiffs that the case was removable based on their original complaint filed in state court (Doc. 12, p. 1). The original complaint essentially asked the court to apportion the settlement between Womick and the Fund (*see* Doc. 1-1, pp. 3–5). As Defendant said, "Plaintiffs' initial Complaint is a wholly state law claim, centered around a lien adjudication under the Illinois Common Fund Doctrine" (Doc. 11, p. 4). Plaintiffs did not contest this characterization of their original complaint (*see* Doc. 12). The Seventh Circuit has made clear that claims for lien adjudication are not completely preempted by ERISA and therefore not removable. *Hart*, 360 F.3d at 676, 679–80 (reiterating that ERISA does not completely preempt employee's lawsuit to apportion settlement funds between an ERISA plan subrogation claim and other lienholders) (citing *Speciale v. Seybold,* 147 F.3d 612 (7th Cir. 1998); *Blackburn v. Sundstrand Corp.,* 115 F.3d 493 (7th Cir. 1997)).

The Court also disagrees with Plaintiffs that the case was removable as of the date Defendant filed its motion to dismiss arguing that Plaintiffs' original complaint should be dismissed because their claims were preempted by ERISA (Doc. 10, pp. 1–2; Doc. 12, p. 2). Defendant's motion to dismiss asserts the *federal defense* of preemption (Doc. 1-2, pp. 52–53). This type of preemption—referred to as defensive, conflict, or ordinary preemption—is based on § 514 of ERISA and is separate and distinct from complete preemption under § 502(a), 29 U.S.C. § 1144. *See Hudak v. Elmcroft of Sagamore Hills*, 58 F.4th 845, 852 (6th Cir. 2023) ("Ordinary preemption . . . provides only a defense that can be invoked in state or federal court. . . . [while the] "misleadingly named doctrine" of complete preemption . . . refers to a jurisdictional doctrine that is distinct from ordinary preemption."); *Jass*, 88 F.3d at 1487 ("[A] claim brought 'under ERISA, § 502(a) provides the basis for complete preemption whereas § 514(a) provides the basis for conflict preemption.'" (quoting *Rice*, 65 F.3d at 639–40)). *See also Lehmann v. Brown*, 230 F.3d 916, 919–20 (7th Cir. 2000) (acknowledging the confusion that exists and discussing the difference between complete preemption and conflict preemption); *Speciale*, 147 F.3d at 615 (same); *Blackburn*, 115 F.3d at 495 (same); *Warner v. Ford Motor Co.*, 46 F.3d 531, 534–35 (6th Cir. 1995) (same).

Conflict preemption preempts state laws "insofar as they . . . relate to any employee benefit plan." *Blackburn*, 115 F.3d at 495. It serves as a defense to a state law action but is *not* a basis for federal question jurisdiction. *Speciale*, 147 F.3d at 615. *See also Citadel*, 808 F.3d at 701 ("A case may not be removed on the basis of a federal defense.") (citing *Rivet,* 522 U.S. at 475); *Jass*, 88 F.3d at ("[T]he defendant cannot cause a transfer to

federal court simply by asserting a federal question in his responsive pleading.") (quoting *Rice*, 65 F.3d at 639). It appears to the Court from Plaintiffs' briefing that they are conflating complete preemption and conflict preemption (Docs. 10, 12).

Finally, the Court disagrees with Plaintiffs' insinuation that the nature of their claims did not change between the original complaint and the amended complaint (*see* Docs. 10, 12). Plaintiffs went from simply asking the court to adjudicate the liens on the settlement to also challenging the amount of benefits paid by the Fund as being unreasonable and excessive (*see* Doc. 1-3, pp. 77–79). More specifically, Plaintiffs added allegations in the amended complaint that the Fund breached its duty to ensure that the healthcare charges are "reasonable" before paying the amounts charged (*Id.* at pp. 77, 78). Plaintiffs further alleged in the amended complaint that the Fund breached its duty to "require healthcare providers to comply with the Illinois lien law which sets percentage limits on the amounts hospitals and physicians could receive out of a settlement . . ." before paying the amounts charged (*Id.* at p. 78). According to Plaintiffs, the Fund "ignored its duty and the lien law of Illinois and paid the full amount charged to healthcare providers, believing that it could recover the funds out of the proceeds of the settlement . . . (*Id.*). The Court agrees with Defendant that with the newly added allegations in the amended complaint, Plaintiffs are challenging the amount the Fund paid in benefits and challenging compliance with the payment provisions of the summary plan description (*see* Doc. 1, p. 5). Plaintiffs are thus seeking to enforce their rights under an ERISA plan, if not complaining about a breach of fiduciary duty, both of which fall within the scope of § 502(a). Accordingly, the claims are completely preempted

and properly removable to federal court.

## CONCLUSION

Plaintiff's motion to remand (Doc. 10) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: November 29, 2023**

s/ Mark A. Beatty
**MARK A. BEATTY
United States Magistrate Judge**